**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| NELSON J. MARKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:08-CV-607 JVB |
| | ) |
| SUPERINTENDENT, INDIANA | ) |
| STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Nelson J. Marks, a prisoner confined at the Indiana State Prison, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Marion County conviction for the murder of his wife, Jacqueline Marks, and for carrying a handgun without a license for which he received a sentence of sixty-five years of imprisonment. The Indiana Court of Appeals affirmed the conviction on direct appeal, but remanded for re-sentencing. On remand, Marks was re-sentenced to a term of fifty-five years of imprisonment.

On November 29, 2005, Marks filed a petition for post-conviction relief. He appealed the denial of his petition for post-conviction relief, raising one issue: whether Marks's trial counsel was ineffective for not moving to suppress or object to Loretta Tyson's identification of him as the man she observed running from the shed on the night of Jacqueline Mark's murder. (DE 6-8, Exhibit D). The Indiana Court of Appeals affirmed the denial of post-conviction relief. (DE 6-8, Exhibit G). The Indiana Supreme Court denied transfer on December 11, 2008. (DE 6-8, Exhibit C).

In a Habeas Corpus proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct" unless the petitioner is able to rebut that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In evaluating a legal determination made by a State court, the:

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted).

> For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by this Court refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision. We look for the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.

*Yarborough v. Alvarado*, 541 U.S. 652, 660-661 (2004) (quotation marks and citations omitted).

Furthermore, the United States Supreme Court has made clear that district courts should not independently decide the merits of the petitioner's legal arguments.

> As we have explained: [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.

*Price v. Vincent*, 538 U.S. 634, 641 (2003) (quotation marks and citations omitted).

In his petition for writ of habeas corpus, Marks presents one ground — that his trial counsel was ineffective because he did not "move to suppress, or object to, Loretta Tyson's identification testimony based upon an impermissibly suggestive pre-trial identification." (DE 1 at 3). In order to establish a claim of ineffective assistance of counsel, the petitioner must establish that his counsel's performance fell below an objective standard of reasonableness, and that this deficiency actually caused prejudice. *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004) (citing *Strickland v.*

*Washington*, 466 U.S. 668, 687-88 (1984)). To support a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient, and that absent said deficient performance, there exists a reasonable probability of a different outcome.

To satisfy the first prong of the *Strickland* test, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687. In considering counsel's performance, a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* at 689.

To satisfy the second prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Bell v. Cone*, 535 U.S. 685, 702 (2002) (to support a claim of ineffective assistance of counsel on habeas review, a petitioner must show that the state court's application of *Strickland's* attorney-performance standard was objectively unreasonable).

The Indiana Court of Appeals stated in its opinion that "[w]hen evaluating a claim of ineffective assistance of counsel, we apply the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984)." (DE 6-8, Exhibit G at 9). To resolve the question posed by the first prong of the *Strickland* test — whether counsel's performance was deficient — the court of appeals evaluated the circumstances that led to Tyson's identification of Marks as the man she observed running from the shed on the night of his wife's murder, and concluded that "even if Marks's trial attorney had objected to Tyson's out-of-court or in-court identification of Marks, the trial court would not have been required to sustain the objection." (DE 6-8, Exhibit G at 13). The court also noted that:

> Marks's attorney thoroughly cross-examined Tyson, Officer Newman, and Detective Albert regarding Tyson's identification and the identification process. It was trial counsel's prerogative to elect to conduct an extensive cross-examination of the witnesses rather than raising a likely futile objection based on the identification procedure. Thus, we conclude that counsel's trial performance was not deficient on this basis.

(*Id.*)

Even though the Indiana Court of Appeals had resolved the first prong of the *Strickland* test against Marks, it proceeded to consider the second prong of the *Strickland* test — whether Marks could show prejudice from his counsel's decision not to object to the identification process. After reviewing the evidence against Marks, the court concluded that "even if we were to have found that the attorney's performance had been deficient, Marks would have been unable to establish prejudice given the other evidence supporting his conviction." (DE 6-8, Exhibit G at 13). After detailing the other evidence against Marks, the court concluded that "he could not have established prejudice as a result of the admission of Tyson's identification of him as the man running from the shed." (*Id.* at 13-14).

To obtain habeas relief it is Marks's burden to show that the Indiana Court of Appeals applied *Strickland* "to the facts of his case in an objectively unreasonable manner." *Price*, 538 U.S. at 641. Marks has not met that burden, and this Court concludes that the Indiana Court of Appeals reasonably applied *Strickland* to the facts of his case. The Indiana Court of Appeals reasonably concluded that Marks's counsel's decision not to object to Tyson's out-of-court or in-court identification of Marks was not ineffective and that his counsel's conduct fell within the wide range of reasonable professional assistance. The Indiana Court of Appeals also reasonably concluded that Marks suffered no prejudice from his counsel's decision not to object to Tyson's identification of Marks because there was no reasonable probability of a different outcome even had his counsel

successfully objected to her identification of him as the man she saw running from the murder scene.

For the foregoing reasons, the Court **DENIES** this petition for writ of habeas corpus.

SO ORDERED on July 16, 2009.

                                                        s/Joseph S. Van Bokkelen
                                                        JOSEPH S. VAN BOKKELEN
                                                        UNITED STATES DISTRICT JUDGE
                                                        HAMMOND DIVISION